Third item on the calendar, Hines v. U.S., that's submitted. Now we come to CEMEX v. County of Los Angeles. Good morning, Your Honor. Debra Prosser on behalf of the appellant, City of Santa Clarita. We are here today, and we have reserved... You're not related to Bill Prosser, are you? I would love to say that I'm his granddaughter, but unfortunately, I would not mislead the Court. No, I'm not related. He was kind of grumpy, so I don't know whether you want to be his granddaughter or not. We have reserved two minutes for a rebuttal. We are here asking this Court to set aside the decision of the lower court that denied intervention to the City of Santa Clarita, both as of right and permissibly. The district court's decision is erroneous because the county has not and will not be able to argue the City's position in this case, and the City has a legally protectable interest in the property and transaction, and that's threefold. One is it has a right to consult under CEQA. That is a mandatory obligation that the lead agency has under CEQA. That right is also derived from the City's involvement in the administrative process. We have been closely involved in that. We have secured and had secured some very significant mitigation measures from CEMEX as part of that process. All of those measures are now under attack in the complaint, in this case, on the grounds of federal preemption. In addition, the City is located about a mile and a half from the project site. The county denied the permit, right? The county denied the permit, Your Honor. And their argument is, well, A, as a matter of law, they couldn't do it, and, B, they just perverted the procedures so badly that it's no good. That's sort of what they're saying, right? That is part of what they're saying. But they are also asking in the Second Amendment complaint to have the district court rule on substantive environmental laws. The remedies are seeking an undoing of that denial and an order to the county to approve this project and certify the EIR under CEQA. Correct. Of course. So there is more than an abuse of an administrative process being alleged in this complaint. Well, they say they can't do it, period, to start with. And then they say they can't do it because they abused the administrative process, which is kind of – which are different animals, but I think you can't do it, period, comes back to your CEQA argument to some extent. Right? That's right, Your Honor. And why isn't the county perfectly capable of fighting those complaints? It is the city and not the county that's been at the forefront of the environmental review. The county denied the permit. They're trying to force the county to undo the denial on two bases, procedural due process violations and no substantive right to do this at all. The county denied the permit because of all of the environmental information that the city had advanced. The city found the endangered species. The roar toed on the site. The county didn't. The city had gotten mitigation measures. That's the next step down. The point is, though, the county is here – I take it they're here. They're fighting the issue. They're fighting about whether, A, they committed procedural violations or, B, they have power at all to do it. If they win that – if they lose on procedural, it goes back to them, I assume, and you'll be doing all the consulting in the world. If they win on their position, then you're happy as a clam, aren't you? Well, I wish that was true, Your Honor, but it isn't. We have submitted a request for judicial notice to this court, and we have asked the court to take judicial notice of what is happening in the trial court as we speak. In July of this year, the county basically has come to the court and given away the store entirely. They went to the district court and said, we originally said we don't think we should recirculate under CEQA or that we do need to recirculate under CEQA, excuse me, on the traffic issues, but we now want to settle this case. Could the court please advise us? And the trial court said, without apparently even looking at the administrative record, oh, sure, CEQA is preempted under Federal law. You don't need to recirculate. And the county says in their order that the counsel now agree with the court that CEQA does not need to be preempted and there does not need to be a recirculation. So, Your Honor, the practical reality, which the court knows is the test here, is that the county has already backpedaled completely on their denial. This is a de novo review. The court can look at the situation that we're facing now. From the point of time in which the decision was made, the question is whether the interest could diverge, and certainly given the fact that your situations were quite different, i.e., the county was essentially the decision maker and you were essentially tantamount to a party with particularized interests, the interest can diverge, and it turns out they did diverge. That's absolutely correct, Your Honor. And in addition to which, on the very critical question in this case, which is Federal preemption, the county and the city completely disagree. The county says, oh, yeah, there is partial preemption. That's in county counsel's letter to the board of supervisors. We say absolutely not. Under the Federal Materials Act of 1947, the Secretary of Interior calls for the development of minerals if it is not detrimental to the public purpose. So we don't see any contradiction or conflict between that law and CEQA. So there's that divergence with the county. There's another divergence in which we have proposed several other mitigation measures that the county has flat-out rejected, and that is that we want to reduce the size and scope of this line by having imported water and rail haul. The county flatly refused that. And so we're not going to do that. How do those issues have something to do with this particular lawsuit? You say there are other conditions you want to put on that the county didn't put on, correct? Yes. What does that have to do with this particular case of litigation? Because the second claim for, in the second amended complaint, says that the conditions that the county had wanted to impose and had been negotiated in part by the city are preempted. So the conditions of the site, the conditions are being sought to be preempted. I understand that. And if the county loses on, lost on that, that is that it couldn't put the conditions it did put on, it loses on that because of preemption. But it has every reason not to agree to that, I assume. So I understand that. I'm talking about your additional conditions. How are they part or would they be part of this litigation? The district court is going to impose some more conditions in this litigation, is what you think? Well, here's what's going on. Would it be your position? Well, we know for a fact that's what's going on. No, I'm asking you. Yes. I'm asking you. You would come in and say, look, the county imposed conditions 1 through 10. I want you to impose 10 to 20. And the district court would say, I impose them. Is that what your position? Under our right of consultation, that would be part of what the district court would have to look at. I understand your consultation. Right. That's the consultation with the county. But you're saying that pursuant to your right of consultation, the district court can impose additional conditions at this time. That's your position? Pursuant to our right of consultation, we need to be at the table. That's not my question. I know what you're saying. What I'm saying is the county imposed 10 conditions. These folks sue to have them all thrown out on grounds of preemption. You're saying, I want to intervene so the county will impose 10 more conditions. No. I want to intervene so that we can fight the fight of whether or not conditions that are different from the federal version of this project are preempted. That is what we're trying to do. But that's already there on the 10 that were imposed. And I think you're saying that you have more that the county did not impose. Right. Because Your Honor asked why doesn't the county adequately represent our interests. So that is one illustration besides the legal argument. The question is how is that relevant to this lawsuit. And I would suppose the only way it could be relevant to this lawsuit is if some rule of law could come out of this lawsuit that would preclude the consideration of your mitigation measures after it gets back to the county. Because those mitigation measures aren't going to be considerate in any event until it gets back to the county. Right? That is true, Your Honor. But as of right now, what this complaint seeks to do is to cut all that out because they're saying they want under preemption that the county be ordered to certify that EIR under the conditions that are identical to the federal project. It's an extraordinary, it's an extraordinary unprecedented argument. And if we are not granted leave to intervene, then what will happen here is that there will be a settlement. We believe that as of tomorrow, the county is going to announce a settlement in this case. We are going to need to request a stay to retain the status quo until this Court decides this issue. Because if that settlement goes through and the, and the, and CEQA is eviscerated, then there will be no one to challenge that action. There will be no one to challenge the consent decree, and there will be no one to bring it for review to this Court. And this is an extraordinary situation. We, the county has basically abdicated its responsibilities under CEQA based on what is happening now that we put before the Court in the request to take judicial notice. In addition, on the protectable issue, Your Honor, CEQA is, is much more stringent than NEPA. And the, the right of consultation is, it's called a privileged position under CEQA. We are in, in the situation where the, the district court basically said this is not a case about the applicability of substantive environmental laws, and that is absolutely not true. On the very face of the complaint, as I've pointed out, and in addition, based on what is happening in July of this year under the request for judicial notice where the district court is lively making determinations of what is or is not required for recirculation under CEQA. That has nothing to do with the administrative process. Excuse me. The, the issue here in addition is that the district court engaged in issue reduction. They're not supposed to do that. You know, you're already two minutes beyond your time. Well, that's all right. I mean, this is a very serious, important case. And I'll give you a little bit more time and we'll try to wrap it up. We've asked a lot of questions. I would, I would like to save my time for rebuttal then, if I could. Thank you. All right.
judges: Pregerson, Fernandez, Berzon